IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

FEB - 8 2016

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| RICHARD P. EDWARDS, Petitioner, vs. DAVID BERKEBILE, ATTORNEY GENERAL OF THE STATE OF MONTANA, Respondent. | CV 15-17-BLG-SPW ORDER |

On November 16, 2015, United States Magistrate Judge Carolyn Ostby filed Findings and Recommendations recommending Edwards' Petition for Writ of Habeas Corpus be denied. (Doc. 13). For the reasons below, Judge Ostby's Findings and Recommendations will be adopted.

I. **Background**

Edwards was convicted of deliberate homicide and tampering with physical evidence. He was sentenced to 100 years imprisonment and a 50 year restriction on parole eligibility. The Findings and Recommendations set forth the background of this case, which the court herein adopts by reference.

Edwards alleges broad grounds for relief in his Petition: (1) actual innocence and insufficient evidence to support his conviction; (2) ineffective assistance of

1

trial counsel; (3) the denial of Edwards' spousal privilege; (4) the trial court's failure to acknowledge Edwards' pro se motions; (5) ineffective assistance of appellate counsel; (6) prosecutorial misconduct; (7) cumulative prejudice; and (8) error in post-conviction proceedings. (Doc. 2). Judge Ostby recommended that the Petition be dismissed on all grounds. Edwards timely filed an objection requesting de novo review of all his claims. (Doc. 16).

## II. Legal Standard

### a. De novo review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### b. Antiterrorism and Effective Death Penalty Act of 1996

The AEDPA provides that the court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5, 131

S.Ct. 13, 178 L.Ed.2d 276 (2010). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). And, a petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1996); *see Gilmore v. Taylor*, 508 U.S. 333, 348–49 (1993) ("a mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas."). A habeas petition "must allege the petitioner's detention violates the constitution, a federal statute or a treaty." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.1989).

Accordingly, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412–413 (2000). A state court's decision is "contrary to" clearly established precedent if it (1) "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A state court's

decision involves an "unreasonable application" of federal law if it (1) "correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable," or (2) "extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002).

Thus, a state court's application of federal law must be more than incorrect or erroneous, it must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). This court must "presume the correctness of [the] state courts' factual findings" and a petitioner has the burden to "rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–474 (2007) (quoting 28 U.S.C. § 2254(e)(1)).

### III. Analysis

After a *de novo* review of the record, the court will adopt Judge Ostby's recommendations. Edwards' objections generally reiterate the arguments made in the Petition, and lack merit for the reasons set forth in Judge Ostby's Findings and Recommendations.

First, after reviewing the evidence adduced at trial, this court finds that a rational juror could have found proof of Edwards' guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). While Edwards' counsel's conduct during trial was not ideal, this court also agrees that the state court's conclusion

4

that trial counsel's representation did not fall below an objective standard of reasonableness was correct. *See Strickland v. Washington*, 466 U.S. 668 (1984). Edwards' claims regarding his *pro se* motions and Montana's spousal privilege both allege only potential errors of state law, for which federal habeas relief is unavailable. *See Lewis v. Jeffers*, 497 U.S. 764 (1990). Edwards has also failed to allege facts that tend to show this court that his appellate counsel's performance was unreasonable or prejudicial to him. *Strickland*, 466 U.S. at 687-88, 694.

Next, the record does not support Edwards' claim of prosecutorial misconduct. This court does not find evidence that any misconduct on the part of the prosecutor existed, let alone "so infected the trial with unfairness so as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The fact that the prosecution knew what Sherry would testify to at trial is not, alone, indicative of coaching. It is common for the prosecution to meet with witnesses regarding their testimony pre-trial. Further, as Judge Ostby pointed out, all the facts that Edwards alleges were presented to the jury at trial, including the fact that Sherry saw the autopsy report. Knowing that Sherry's testimony could have been influenced by what she saw, the jury believed Sherry anyway. There is no actual evidence of prosecutorial misconduct.

Edwards' cumulative prejudice claim also lacks merit. As noted above, while Edwards' trial counsel's conduct was not optimal, it was not ineffective.

5

Further considering no prosecutorial misconduct occurred, Edwards cannot establish prejudice that "pervaded" the trial. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006). Finally, like his *pro se* and spousal privilege complaints, Edwards' post-conviction proceedings claim alleges errors in the state post-conviction review process, which is "not accessible through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). His allegation that post-conviction counsel were ineffective is unsupported by the law, because he did not have a federal right to assistance of counsel. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991). As a result, Edwards cannot show that post-conviction counsel deprived him of a federal right, which is necessary for a successful habeas claim. 28 U.S.C. § 2254(a).

After a de novo review of the record and careful consideration, this Court finds that Judge Ostby did not commit legal error. Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 13) are ADOPTED IN FULL.

2. Edwards' Petition (Doc. 1) is DENIED on the merits;

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner; and

4. A certificate of appealability is DENIED.

DATED this 8th day of February 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge